IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

TAD L. JONES SPOUSAL LIMITED ACCESS TRUST,
by and through Trustee Monica L. Jones,

and

MONICA L. JONES SPOUSAL LIMITED ACCESS TRUST,
by and through Trustee Tad L. Jones;

Plaintiffs

v.

BIG CYHAWK HOLDINGS, INC.,

Defendant.

## COMPLAINT

Plaintiffs Tad L. Jones Spousal Limited Access Trust and Monica L. Jones Spousal Limited Access Trust (collectively, "**Plaintiffs**"), by and through their counsel, Ross W. Pulkrabek and Aaron D. Goldhamer of the law firm Jones & Keller, P.C., submit the following Complaint:

### SUMMARY

1.  This case arises from Plaintiffs' loans to Defendant Big CyHawk Holdings, Inc. ("**CyHawk**"), which have not been repaid despite Plaintiffs' demands.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Tad L. Jones Spousal Limited Access Trust (the "**Tad Trust**") is a Trust duly organized pursuant to the laws of the State of Colorado, and registered in Douglas County, Colorado. The trustee of the Tad Trust is Monica L. Jones. The Tad Trust is a shareholder in CyHawk.

3. Plaintiff Monica L. Jones Spousal Limited Access Trust (the "**Monica Trust**") is a Trust duly organized pursuant to the laws of the State of Colorado, and registered in Douglas County, Colorado. The trustee of the Monica Trust is Tad L. Jones. The Monica Trust is a shareholder in CyHawk.

4. Defendant CyHawk is a Corporation incorporated in the State of Iowa, with a principal place of business at 25326 332nd St., Sioux City, Iowa, 51108. CyHawk is a holding company that has continuous and systematic contacts with the State of Colorado, including its solicitations into Colorado of loans from the Tad Trust and the Monica Trust, and its complete ownership and operation of CyHawk Hospitality, Inc., an Iowa Corporation, which in turn owns and operates restaurants located in the State of Colorado.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because, *inter alia*, Plaintiffs loaned Defendant money from Colorado for use in Defendant's business, at least part of which is transacted in Colorado, and Defendant's actions or omissions caused the damages alleged herein, which are felt within the State and District of Colorado.

**GENERAL ALLEGATIONS**

7. From its bank accounts held in Colorado, the Tad Trust loaned the following amounts to CyHawk on or about the below respective dates, at a rate of 5% interest, payable on demand (collectively, the "**Tad Trust Loans**"):

　　a. $35,000.00, December 23, 2013;

　　b. $35,000.00, February 7, 2014;

　　c. $70,000.00, August 29, 2014;

　　d. $56,875.00, November, 2014.

8. The present balance of the Tad Trust Loans is in the principal amount of $161,875.00, plus interest.

9. The Tad Trust has made a written demand to CyHawk for the repayment of the Tad Trust Loans. However, the Tad Trust Loans have not been repaid.

10. From its bank accounts held in Colorado, the Monica Trust loaned the following amounts to CyHawk on or about the below respective dates, at a rate of 5% interest, payable on demand (collectively, the "**Monica Trust Loans**"):

　　a. $35,000.00, December 23, 2013;

　　b. $35,000.00, February 7, 2014;

　　c. $70,000.00, August 29, 2014;

　　d. $56,875.00, November, 2014.

11. The present balance of the Monica Trust Loans is in the principal amount of $161,875.00, plus interest.

12. The Monica Trust has made a written demand to CyHawk for the repayment of the Monica Trust Loans. However, the Monica Trust Loans have not been repaid.

### FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT (Tad Trust Loans)

13. Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

14. The Tad Trust Loans constitute a contract for the lending of money to Defendant and its repayment.

15. Plaintiff the Tad Trust has substantially performed its obligations pursuant to the Tad Trust Loans by lending money to Defendant.

16. Defendant has breached the Tad Trust Loans by failing to repay the amounts loaned upon demand.

17. Defendant's breach has caused the Tad Trust to be damaged in excess of $75,000.00, exclusive of interest and costs, and in a precise amount to be proven at trial.

### SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT (Monica Trust Loans)

18. Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

19. The Monica Trust Loans constitute a contract for the lending of money to Defendant and its repayment.

20. Plaintiff the Monica Trust has substantially performed its obligations pursuant to the Monica Trust Loans by lending money to Defendant.

21. Defendant has breached the Monica Trust Loans by failing to repay the amounts loaned upon demand.

22. Defendant's breach has caused the Monica Trust to be damaged in excess of $75,000.00, exclusive of interest and costs, and in a precise amount to be proven at trial.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant and that it award damages in an amount to be determined at trial, together with pre-judgment and post-judgment interest, costs, attorneys' fees as allowed by law, and such other and further relief as may be appropriate and authorized by law.

Respectfully submitted this 10th day of December, 2015.

*/s/ Ross W. Pulkrabek*
Ross W. Pulkrabek, # 31111
Aaron D. Goldhamer, #41016
**JONES & KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone: (303) 573.1600
Fax: (303) 573.8133
rpulkrabek@joneskeller.com
agoldhamer@joneskeller.com

*Attorneys for Plaintiffs*