**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02677-LTB

TAD L. JONES SPOUSAL LIMITED ACCESS TRUST, et al.,

    Plaintiffs,

  v.

BIG CYHAWK HOLDINGS, INC.,

    Defendant.

## MOTION TO DISMISS FOR IMPROPER VENUE

Defendant Big CyHawk Holdings, Inc. ("**Big CyHawk Holdings**" or the "**Company**"), by and through its counsel, Charles W. Steese and Douglas N. Marsh of the law firm Armstrong Teasdale LLC, respectfully moves this Court to dismiss the Complaint of Plaintiffs Tad L. Jones Spousal Limited Access Trust and Monica L. Jones Spousal Limited Access Trust (collectively, "**Plaintiffs**") pursuant to Federal Rule of Civil Procedure 12(b)(3).  Specifically, this dispute is governed by a Shareholder's Agreement containing a venue selection clause mandating venue in the state of Iowa.

In support of its Motion, Big CyHawk Holdings states as follows:

**I.    INTRODUCTION.**

1.     The Defendant, Big CyHawk Holdings, is an Iowa Corporation acting as a holding company for two other Iowa entities.  Defendant's wholly owned subsidiaries own and operate several Perkins Restaurants and Bakery stores.  *Exhibit A* (Declaration of James Rahfaldt) (hereinafter "Rahfaldt Dec.") ¶ 6.  Plaintiffs are shareholders of Big CyHawk

Holdings.  *Id*. ¶¶ 4–5.  Between December 2013 and November 2014, Plaintiffs (along with the Company's other shareholders) made a series of contributions to Big CyHawk Holdings to fund the operations of its subsidiaries.  *Id*. ¶¶ 7–11.  Plaintiffs now characterize those contributions as on-demand loans and bring this action to demand immediate and complete repayment of the amounts they contributed.  Complaint (Doc. No. 1) ¶¶ 7–12.

2. As shareholders of Big CyHawk Holdings, however, Plaintiffs executed a Shareholder Agreement governing the relationship between the shareholders and the Company.  Rahfaldt Dec. ¶ 4.  This Agreement contains a mandatory forum selection clause directing that "any action brought by either party under or in relation to this Agreement" shall be brought in the state of Iowa.  *See* Shareholder Agreement (attached as exhibit to Rahfaldt Dec.) § 9.1.  Plaintiffs' claims relate to the Shareholder Agreement because the alleged loans were shareholder loans made pursuant to Plaintiffs' status as shareholders in the Company, and because the claims relate to provisions in the Agreement governing the Company's ability to incur indebtedness.  Thus, the claims should have been brought in the state of Iowa, and the Complaint should therefore be dismissed for improper venue.

**II.** **STANDARD OF REVIEW.**

3. "A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)."  *K & V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 497 (10th Cir. 2002) (quoting *Riley v. Kingsley Underwriting Agencies, Ltd.,* 969 F.2d 953, 956 (10th Cir. 1992)).

4. In considering a motion under Rule 12(b)(3), the Court may consider matters outside the pleadings.  The factual allegations in the Complaint are taken as true "only to the

2

extent that such facts are uncontroverted by defendant's affidavit[s]." *Pierce v. Shorty Small's of Branson, Inc.,* 137 F.3d 1190, 1192 (10th Cir. 1998).

5. The Court's consideration of evidence outside the pleadings does not convert the Rule 12(b)(3) motion into one for summary judgment. *See Liles v. Ginn-La W. End, Ltd.*, 631 F.3d 1242, 1244 n.5 (11th Cir. 2011) ("Unlike with a Rule 12(b)(6) motion to dismiss, the Court may consider materials outside the pleadings without converting a Rule 12(b)(3) motion to dismiss to a motion for summary judgment."); *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005) ("Under Rule 12(b)(3), the district court was not obligated to limit its consideration to the pleadings nor to convert the motion to one for summary judgment.").

### III. THE SHAREHOLDER AGREEMENT MANDATES VENUE IN THE STATE OF IOWA.

6. All of the shareholders of Big CyHawk Holdings—including the Plaintiffs in this action—executed a Shareholder's Agreement. Rahfaldt Dec. ¶ 4. Section 4.3 of the Shareholder Agreement provides (along with other limitations not applicable here):

> Without the unanimous written consent of the Shareholders, the Company and its Subsidiaries shall not create, incur, assume or suffer to exist any Indebtedness other than (i) any Indebtedness in an aggregate amount that does not exceed $100,000.00 . . . [or] (v) Indebtedness incurred in connection with the acquisition of the land and the construction of the Store Nos. 5144, 5145, 5146, and 5147. . . .

7. Section 9.1 of the Shareholder Agreement further provides that:

> ***[A]ny action brought by either party under or in relation to this Agreement***, including without limitation to interpret or enforce any provision of this Agreement, ***shall be brought in, and each party agrees to and does hereby submit to the jurisdiction and venue of, any state or federal court located in the State of Iowa***.

(Emphasis added).

3

8. Section 9.1 is a mandatory forum selection clause, "contain[ing] clear language showing that jurisdiction is appropriate only in the designated forum." *K & V Sci. Co.*, 314 F.3d at 498 (quoting *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997)).

### IV.  THE FORUM SELECTION CLAUSE IN THE PARTIES' SHAREHOLDER AGREEMENT IS ENFORCEABLE.

9. Forum selection clauses "are *prima facie* valid." *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 1913 (1972)). "[A] party resisting enforcement [of a forum selection clause] carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992) (citing *M/S Bremen*).

10. Both the Supreme Court and the Tenth Circuit acknowledge that the scope of clauses covering claims "arising out of or relating to" an agreement is "broad." *See P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 871 (10th Cir. 1999) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 398, 87 S.Ct. 1801 (1967)). Thus, "all claims with 'a significant relationship to the [Agreement,] regardless of the label attached' to them, arise out of and are related to the Agreement." *P & P Indus.,* 179 F.3d at 871 (alteration in original) (quoting *Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 93 (4th Cir. 1996)). In fact, claims "relate to" the agreement "[i]f the allegations underlying the claims 'touch matters' covered by the parties' [agreement]." *P & P Indus.,* 179 F.3d at 871 (quoting *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987)).

4

A. **The Forum Selection Clause in the Parties' Shareholder Agreement Includes Plaintiffs' Claims Because the Alleged Loans were Shareholder Loans.**

11. Here, the scope of the forum selection clause in section 9.1 is similarly broad, embracing "any action brought by either party under or in relation to this Agreement." By its express terms, the clause is not limited to claims which require the Court to "interpret or enforce any provision of this Agreement." Rather, by including any action brought "in relation to" the Shareholder Agreement, the forum selection clause includes any claims which so much as "'touch matters' covered by" the Agreement—including Plaintiffs' claims. *P & P Indus., Inc.*, 179 F.3d at 871.

12. As explained in Mr. Rahfaldt's declaration, the alleged loans at issue here were requested not only from Plaintiffs, but from each of Big CyHawk Holdings's shareholders. *See* Rahfaldt Dec., ¶¶ 7–10. At the same time that Plaintiffs (who each own a 17.5% interest in Big CyHawk Holdings) made the alleged loans to Big CyHawk Holdings, the other shareholders (including Rahfaldt, who owns a 55% interest in Big CyHawk Holdings), made similar contributions of funds to Big CyHawk Holdings in amounts corresponding to the percentage of their ownership interest in the Company. *Id.*, ¶¶ 5, 11.

13. Big CyHawk Holdings requested the contribution of funds from the shareholders specifically because of their status as shareholders and their ownership interest in the Company. *Id.* ¶ 11. These requests would not have been made of the shareholders but for their ownership interest in the Company. *Id.* No individual or entity other than the shareholders was ever included in these requests. *Id.*

14. Because the alleged loans at issue here are shareholder loans, made by the shareholders specifically because of their status as shareholders, claims arising from the alleged

5

breach of any agreement to make the shareholder loans relate to the Shareholder Agreement, which governs the relationships between the shareholders and the Company, and are therefore included in the scope of the forum selection clause.

### B. The Scope of the Forum Selection Clause Also Includes Plaintiffs' Claims Because They Relate to Section 4.3 of the Shareholder Agreement.

15. Plaintiffs' claims also relate to section 4.3 of the Shareholder Agreement, which governs the Company's ability to incur indebtedness. Section 4.3 requires the shareholders' unanimous written consent to incur indebtedness with limited exceptions, including loans that in the aggregate do not exceed $100,000 or which are incurred for the purpose of acquiring land for and constructing certain stores.

16. The alleged loans at issue here fall within the scope of both the requirements of and the exceptions to Section 4.3. A portion of the contributed funds was used to acquire land for and to construct Stores Nos. 5145, 5146, and 5147, thus falling within the express scope of Section 4.3(v). Rahfaldt Dec. ¶ 12.

17. But the funds were also used for other purposes not identified in section 4.3—in particular, to purchase equipment for these stores and an additional store in Colorado Springs (Store No. 5150), as well as to purchase the business and equipment of three other Colorado stores (Stores Nos. 5151, 5152, and 5153). *Id.* ¶ 12. No funds were used for the purposes described in Sections 4.3(ii) through (iv). *Id.* ¶ 14. The amount of funds contributed by the shareholders that were used to purchase equipment for Stores Nos. 5145, 5146, 5147, and 5150 and to purchase the business and equipment of Stores Nos. 5151 through 5153 exceeded $100,000. *Id.* ¶ 13. Section 4.3's requirement to obtain the written consent of the shareholders thus applies to this portion of the alleged loans.

6

18.     Because the alleged loans fall within both the rule of section 4.3 and its exceptions, Plaintiffs' claims relate to these provisions of the Shareholder Agreement, and therefore fall within the scope of the forum selection clause.

### C.     Enforcement of the Forum Selection Clause is Neither Unfair nor Unreasonable.

19.     Because the language of the forum selection clause is "clear and mandatory, the only way for [Plaintiffs] to avoid the effect of the clause is to demonstrate it is unfair or unreasonable." *Excell, Inc.*, 106 F.3d at 321.

20.     Here, the clause is neither unfair nor unreasonable.  Plaintiff's lawsuit is brought against an Iowa corporation whose home office is located in Iowa, and whose assets consist almost entirely of wholly owned Iowa entities which operate stores located in (among other states) Iowa.  Rahfaldt Dec. ¶¶ 3, 6.  The lawsuit involves allegations of loans made to further the operations of the Iowa subsidiary entities, at least a portion of which was used for the acquisition of land, construction of stores, and purchase of equipment in Iowa.  *Id.*, ¶ 12.  Given these substantial ties to Iowa, it would not be "unreasonable [or] unjust under the circumstances" to mandate that Plaintiffs bring this case to in Iowa, as the Settlement Agreement they executed requires them to do.  *Riley*, 969 F.2d at 957.

### V.     CONCLUSION.

WHEREFORE, Defendant Big CyHawk Holdings, Inc. respectfully requests that Plaintiffs' Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

Respectfully submitted this 19th day of January, 2016.

        /s/ Charles W. Steese
        Charles W. Steese, #26924
        Douglas N. Marsh, #45964
        ARMSTRONG TEASDALE LLP
        4643 South Ulster Street Ste 800
        Denver, Colorado 80237
        Telephone:  720.200.0676
        Facsimile:  720.200.0679
        csteese@armstrongteasdale.com
        dmarsh@armstrongteasdale.com

*Counsel for Defendant Big CyHawk Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Aaron David Goldhamer**
Jones & Keller, PC-Denver
1999 Broadway
Suite 3150
Denver, CO 80202
303-573-1600
303-573-8133 (fax)
agoldhamer@joneskeller.com

**Ross Whiting Pulkrabek**
Jones & Keller, PC-Denver
1999 Broadway
Suite 3150
Denver, CO 80202
303-573-1600
303-573-8133 (fax)
rpulkrabek@joneskeller.com

s/ Charles W. Steese<br>
Charles W. Steese, #26924<br>
<br>
ARMSTRONG TEASDALE LLP<br>
4643 South Ulster Street Ste 800<br>
Denver, Colorado 80237<br>
Telephone:  720.200.0676<br>
Facsimile:  720.200.0679<br>
csteese@armstrongteasdale.com<br>
dmarsh@armstrongteasdale.com