IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-02677-LTB

TAD L. JONES SPOUSAL LIMITED ACCESS TRUST,
by and through Trustee Monica L. Jones,

and

MONICA L. JONES SPOUSAL LIMITED ACCESS TRUST,
by and through Trustee Tad L. Jones;

Plaintiffs

v.

BIG CYHAWK HOLDINGS, INC.,

Defendant.

## RESPONSE TO MOTION TO DISMISS [Doc. # 8]

### SUMMARY

Plaintiffs Tad L. Jones Spousal Limited Access Trust and Monica L. Jones Spousal Limited Access Trust (collectively, "**Plaintiffs**"), by and through their counsel, Ross W. Pulkrabek and Aaron D. Goldhamer of the law firm Jones & Keller, P.C., submit the following Response to Defendant's Motion to Dismiss for Improper Venue [Doc. # 8] ("Motion"):

The Motion should be denied because it is premised on applying a venue selection clause in a contract that has no bearing on this case. Plaintiffs are creditors of Defendant and assert breach of contract claims arising from loan contracts. Plaintiffs are not asserting claims based on their status as shareholders of Defendant, and are not asserting claims in this matter based on any

{JK00777528.1}   1

breach of the Shareholder Agreement on which the Motion relies.  That Shareholder Agreement appears <u>nowhere</u> in the Complaint, and the Motion should be denied.

Alternatively, should the Court determine that venue is not proper in this District, the Court should not dismiss this case but instead transfer venue.  Ultimately, however, the Court should reject the Motion's attempt to shoehorn this dispute into a contract that has no relation to the claims being asserted in this case, and should deny the Motion.

## BACKGROUND

1. The Complaint in this case alleges two claims for breach of contact concerning loans made by each of the Plaintiffs to Defendant.  Complaint [Doc. # 1] at ¶¶ 13-22.

2. Although Plaintiffs are shareholders of Defendant, the claims in the Complaint are in no way based on their status as shareholders.  Rather, the claims are brought by virtue of Plaintiffs' status as creditors of Defendant.  *Id.*

3. The Shareholder Agreement [Doc. 8-1, pp. 6-23] does not provide for any loans from Defendant's shareholders.

4. Nowhere in the Complaint is there any reference to Plaintiffs' assertion of any rights or obligations that arise from the Shareholder Agreement.

5. The Motion is based solely on the terms of the Shareholder Agreement.

## LEGAL AUTHORITY

"Of course, a forum clause will govern only if it applies to the dispute at hand."  14D FED. PRAC. & PROC. JURIS. § 3803.1 (4th ed.).  When a claim is "independent" of a first contract that contains a forum selection clause, and is premised on "a separate [] agreement," that claim "is not subject to the forum selection clause [in the first contract]."  *Great Big Color, Inc. v.*

*Bishop Taylor Grp., LLC*, No. CIV-07CV00233-MSK-CBS, 2007 WL 3407360, at *3 (D. Colo. Nov. 13, 2007) (denying motion to dismiss claim that did not arise from contract with forum selection clause); *see also Alexander v. World AM, Inc.*, No. CIV-06CV02163-RPM, 2007 WL 1063558, at *1 (D. Colo. Apr. 4, 2007) (denying motion to dismiss because alleged breaches of contractual obligations were separate from a different contract with a forum selection clause that had "no applicability"); *Proserve Corp. v. STC-Mktg., LLC*, No. CIV-06CV00097-MSK-CBS, 2006 WL 1517733, at *3 (D. Colo. May 31, 2006) (denying motion to transfer venue based on contractual forum selection clause because, *inter alia*, "according to the Complaint, there are no contracts entered into between [Plaintiff] and [Defendant] which form the basis of any claims").

When parties to a contract decline to include language in a forum selection clause that "encompass[es] all claims arising out of 'the [] relationship between' Plaintiff and Defendant[,]" a contractual "forum selection clause is inapplicable" to claims that arise separately from that contract. *Daniels v. Dataworkforce LP*, No. 14-CV-00822-KMT, 2014 WL 6657794, at *2 (D. Colo. Nov. 24, 2014) (denying motion to dismiss Fair Labor Standards Act claim on *forum non conveniens* grounds, even where employment contract contained broad forum selection clause).

## ARGUMENT

### I. The Forum Selection Clause in the Shareholder Agreement is Inapplicable to the Parties' Independent and Separate Loan Agreements.

The forum selection clause in the Shareholder Agreement simply does not apply to Plaintiffs' independent claims for breach of a separate contract. There is no obligation in the Shareholder Agreement for shareholders, like Plaintiffs, to lend money to Defendant. Likewise, there is no obligation in the Shareholder Agreement for Defendant to repay loans to Plaintiff.

These obligations arise from a completely separate set of obligations: the Tad Trust Loans and the Monica Trust Loans, as alleged in the Complaint at ¶¶ 7, 10, 14, 19.

While it may be true that the scope of clauses covering claims "under or in relation to" the Shareholder Agreement is broad, this breadth is not without limits. The Court can—and should—determine as a matter of law from the face of the Shareholder Agreement that its forum selection clause is inapplicable to the case at bar. For this simple reason alone, the Motion should be denied.

### II. Having Failed to Initially Establish that the Forum Selection Clause is Applicable to this Dispute, the Factual Issues Raised in the Motion are Irrelevant.

In an attempt to divert the Court's attention from the threshold issue of whether the Shareholder Agreement is even applicable in the first instance, the Motion—through the Declaration of James Rahfaldt—makes various factual assertions which are irrelevant to the Court's determination of the Motion. That various shareholders likewise made loans to Defendant at the same time as Plaintiffs (Motion at ¶ 12) does not inject language about loans into the Shareholder Agreement so as to bring this case within the scope of its forum selection clause. That Defendant could find no other individuals willing to put their misplaced trust in Defendant for the repayment of loans (Motion at ¶¶ 13-14) likewise does not alter the Shareholder Agreement so as to subject Plaintiffs' claims to the Shareholder Agreement.

The Court should reject Defendant's strained assertion that the specific use of the fungible proceeds of the Tad Trust Loan and Monica Trust Loans (Motion at ¶¶ 15-18) somehow brings this case within the scope of Section 4.3 of the Shareholder Agreement. Plaintiffs' claims do not revolve around any alleged breach of Section 4.3 of the Shareholder Agreement due to

Defendant's incursion of debt in violation of unanimous shareholder consent.  Rather, Plaintiffs' claims are squarely those of a creditor against a debtor who has failed to repay a debt.  *See*, *generally*, Complaint.

Having failed to establish in the first instance that the Shareholder Agreement's forum selection clause applies to this case, the Motion finally skips to an analysis of whether applying the forum selection clause would be unfair or unreasonable.  Motion at ¶¶ 19-20.  This analysis, like the various factual issues the Motion attempts to inject into what should otherwise be a straightforward reading of the Complaint and the Shareholder Agreement, puts the cart before the horse.  Analysis of the fairness of the forum selection clause is irrelevant if it does not apply in the first place—and it does not.

### III. Should the Court Determine that the Forum Selection Clause Applies, the Court should Transfer Venue Rather than Dismiss the Complaint.

If the Court determines that the Shareholder Agreement's forum selection clause applies to a separate and independent set of loans from Plaintiff, the Court should not dismiss the Complaint.  Rather, the Court should transfer this case to the United States District Court for the Northern District of Iowa, the District which encompasses Sioux City, Iowa, the location of Defendant's principal offices.  28 U.S.C. § 1404(a); Doc. # 8-1, p. 2, ¶ 3.  Doing so would be "in the interest of justice" pursuant to 28 U.S.C. § 1404(a) because it will avoid any further costs and delay due to the need to re-serve Defendant.

### CONCLUSION

The Motion represents Defendant's continued efforts to delay repayment of its obligations, which Plaintiffs have been seeking for quite some time.  Having failed to establish— despite the injection of various irrelevant factual issues—that the Shareholder Agreement's

forum selection clause applies to this dispute in the first instance, the Motion should be denied at this threshold issue. In the alternative, the Court should transfer venue to the United States District Court for the Northern District of Iowa.

Respectfully submitted January 21, 2016.

s/ Aaron D. Goldhamer
Ross W. Pulkrabek, # 31111
Aaron D. Goldhamer, #41016
**JONES & KELLER, P.C.**

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **RESPONSE TO MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Steese
Armstrong Teasdale LLP
4643 South Ulster Street Suite 800
Denver, Colorado 80237
720.200.0676
csteese@armstrongteasdale.com
*Counsel for Defendant*

                                            s/ Nicole N. Chapman
                                            Nicole N. Chapman