**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02677-LTB

TAD L. JONES SPOUSAL LIMITED ACCESS TRUST, et al.,

      Plaintiffs,

  v.

BIG CYHAWK HOLDINGS, INC.,

      Defendant.

**REPLY IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE**

The forum selection clause in the parties' Shareholder Agreement mandates that "any action brought by either party under *or in relation to*" the Agreement be brought in Iowa. Doc. No. 8-1, p. 16, § 9.1 (emphasis added). Plaintiffs do not dispute that this clause is both valid and mandatory. Indeed, they offer nothing to counter any factual assertions in the Motion or its supporting declaration. Nor do they contend that enforcing the clause would be unfair or unreasonable. The sole basis for Plaintiffs' opposition to the Motion is their assertion that the forum selection clause—a clause so broad that it includes claims that so much as touch matters covered by the Agreement—does not include this action. This assertion is meritless.

Plaintiffs' opposition rests on the unsupported notion that the verbal agreements referenced in their Complaint have no connection whatsoever to the Shareholder Agreement, and thus, its mandatory forum selection clause. The Defendant presented the only facts before the Court in the form of a declaration from Jim Rahfaldt. Mr. Rahfaldt explained that this action relates to the Shareholder Agreement because it involves shareholder loans made by the

shareholders, in proportion to the shares they hold, because of their status as shareholders—facts which Plaintiffs do not even attempt to refute. *See* Doc. No. 8-1, pp. 3–4, ¶¶ 7–11. This action also relates to specific provisions of the Shareholder Agreement governing the Company's ability to incur indebtedness. *See id.*, p. 11, § 4.3. This action thus falls within the scope of the forum selection clause, and must be brought in Iowa.

For these reasons, Big CyHawk Holdings respectfully submits this Reply in Support of its Motion and requests that the Court enforce the forum selection clause by transferring this action to Iowa.

**I.    PLAINTIFFS OFFER NO EVIDENCE IN THEIR RESPONSE TO BIG CYHAWK HOLDINGS'S MOTION, AND THE COURT SHOULD THEREFORE ACCEPT THE EVIDENCE PRESENTED BY BIG CYHAWK HOLDINGS AS TRUE.**

Plaintiffs contend they "are not asserting claims based on their status as shareholders." Doc. No. 12, p. 1. The unrefuted facts show otherwise. Mr. Rahfaldt's declaration shows the alleged loans at issue here were made by the shareholders of the Company in proportion to their ownership interest, and were requested of the shareholders "specifically because of their status as shareholders and their ownership interest in the Company." Doc. No. 8-1, pp. 3–4, ¶¶ 7–11. The Company's requests for contributions of funds from the shareholders "would not have been made of the shareholders but for their ownership interest in the Company," and "[n]o individual or entity other than the shareholders was ever included in these requests." *Id.* ¶ 10. Thus, this action has everything to do with Plaintiffs' status as shareholders.

Plaintiffs offer no evidence to contradict these or any other facts presented in Mr. Rahfaldt's declaration. The Court must therefore accept Mr. Rahfaldt's declaration as true for the purposes of deciding the Motion. *See Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1264

(10th Cir. 2012) (affidavit evidence presented by defendant in support of motion to enforce forum selection clause "shifted the burden to Plaintiffs to raise a genuine factual dispute"); *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998) (affirming order of dismissal where defendant presented affidavit evidence that "controverted each of the statutory bases for" venue and where plaintiff "failed to present any evidence in response").

## II.   THE FORUM SELECTION CLAUSE APPLIES TO PLAINTIFFS' CLAIMS.

As Plaintiffs offer nothing to contradict the evidence Big CyHawk Holdings presents in support of its Motion, the only basis Plaintiffs indicate on which to oppose the Motion is their claim that the forum selection clause does not apply to this action.  Indeed, they expressly place all of their eggs in this single basket.  *See, e.g.*, Doc. No. 12, p. 5 ("Analysis of the fairness of the forum selection clause is irrelevant if it does not apply in the first place. . . .").

But the forum selection clause *does* apply to this action.  Though Plaintiffs disavow any claims based on alleged breaches of the provisions of the Shareholder Agreement (*see, e.g., id.* at 1–2), by its own express terms, the forum selection clause is not limited to actions brought "to interpret or enforce any provision of this Agreement."  Doc. No. 8-1, p. 16, § 9.1.  To the contrary, the clause applies to "any action brought by either party under *or in relation to* this Agreement."  *Id.* (emphasis added).  This language encompasses claims arising under the Agreement, claims with "a significant relationship to" the Agreement, or even claims whose allegations so much as "'touch matters' covered by" the Agreement.  *P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 871 (10th Cir. 1999) (quoting *Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 93 (4th Cir. 1996) and *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987)).  The breadth of such language is a fact noted by the Tenth

3

Circuit, the Supreme Court, and Plaintiffs themselves. *See P & P Indus., Inc.*, 179 F.3d at 871 (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 398, 87 S.Ct. 1801 (1967)); Doc. No. 12, p. 4 (conceding "it may be true that the scope of the clauses covering claims 'under or in relation to' the Shareholder Agreement is broad").

The breadth of this clause is made especially clear by comparing it to the forum selection clauses at issue in the cases Plaintiffs cite in their Response. *See* Doc. No. 12, pp. 2–3. Remarkably, none of the clauses at issue in those cases—not a single one—includes actions "in relation to" or "relating to" the underlying agreement within its scope.[1] Nor do these cases stand for the general proposition Plaintiffs attribute to them—*i.e.*, that a claim premised on a separate agreement from a contract containing a forum selection clause is never subject to that clause. *See* Doc. No. 12, p. 2. To the contrary, in reviewing the particular clauses at issue in these cases, the courts acknowledged that the parties "could have used broader language" that would have encompassed the actions before them, but "did not do so." *Daniels v. Dataworkforce LP*, No. 14-CV-00822-KMT, 2014 WL 6657794, at *2 (D. Colo. Nov. 24, 2014). The converse is no less true: if parties do *not* want a forum selection clause to apply to particular claims, they are at liberty to exclude those claims by drafting a narrower clause tailored to their desired scope.

---

[1] *See Great Big Color, Inc. v. Bishop Taylor Grp., LLC*, No. 07-CV-00233-MSK-CBS, 2007 WL 3407360, at *2 (D. Colo. Nov. 13, 2007) (clause included "[a]ny litigation arising out of this purchase order"); *Alexander v. World AM, Inc.*, No. 06-CV-02163-RPM-CBS, 2007 WL 1063558, at *1 (D. Colo. Apr. 4, 2007) (clause was inapplicable to an action that "does not arise as a result of the Share Exchange Agreement"); *Proserve Corp. v. STC-Mktg., LLC*, No. 06-CV-00097-MSK-CBS, 2006 WL 1517733, at *1 (D. Colo. May 31, 2006) (clause included "[a]ny suit involving any dispute or matter arising under this Agreement"); *Daniels v. Dataworkforce LP*, No. 14-CV-00822-KMT, 2014 WL 6657794, at *1 (D. Colo. Nov. 24, 2014) (clause included actions to "interpret or enforce any provision of this Agreement").

Here, by including actions brought "in relation to" the Shareholder Agreement, the forum selection clause employs a broader reach than any of the clauses at issue in the cases on which Plaintiffs rely. Yet Plaintiffs make no attempt to grapple with this language, except to suggest in passing that its "breadth is not without limits." Doc. No. 12, p. 4. But whatever these limits are—Plaintiffs themselves offer no suggestions on this point—Plaintiffs' claims fall within these limits, as they "relate to" the Shareholder Agreement in at least two ways:

### A.   **The Forum Selection Clause Includes Plaintiffs' Claims Because the Alleged Loans were Shareholder Loans.**

Contrary to Plaintiffs' suggestion (*see* Doc. No. 12, p. 4), Plaintiffs' alleged loans did not merely coincide with independent loans made by other shareholders. Rather, as noted above, the alleged loans were made pursuant to agreements between the Company and its Shareholders, were made in proportion to the shareholders' shares, and were requested of the shareholders "specifically because of their status as shareholders and their ownership interest in the Company." Doc. No. 8-1, p. 3–4 ¶¶ 7–11. Indeed, but for their status as shareholders, the Company would not have made this request of the shareholders. *Id.* ¶ 10.

Plaintiffs' claim that the Shareholder Agreement "does not provide for any loans from Defendant's shareholders" is similarly misleading. Doc. No. 12, p. 2. In fact, the Shareholder Agreement governs the Company's ability to incur indebtedness (*see* Doc. No. 8-1, p. 11, § 4.3, as discussed further below), as well as to enter into any transaction with shareholders or their affiliates (*see id.*, p. 12, § 4.6). As the alleged loans are transactions with shareholders by which the Company incurred indebtedness, they implicate both of these clauses. That the Shareholder Agreement addresses future transactions between the Company and its shareholders without setting forth in fine detail the precise date, time, nature, amount, and purpose of these future

5

transactions is of no consequence. What matters is that Plaintiffs' claims arise from an agreement between the shareholders and the Company to make shareholder loans to the Company, and therefore touch on matters covered by the Shareholder Agreement, which governs the relationships between the Company and its shareholders.

Plaintiffs' insinuation that Big CyHawk Holdings "could find no other individuals willing" to make the requested contributions of funds (Doc. No. 12, p. 4) likewise misses the mark. It should be unsurprising that the Company, when choosing among potential lenders, would prefer to be indebted to creditors constrained by fiduciary duties of loyalty and care requiring them to place the interests of the Company and its other shareholders above their own. *See* Doc. No. 8-1, p. 11, § 4.2. In any event, whether the Company sought or could have sought out creditors other than its shareholders is immaterial. The fact is that the Company asked the shareholders, and the shareholders agreed, to make shareholder loans to the Company. Any claim rising from such agreements relates to the Shareholder Agreement and falls squarely within the scope of the forum selection clause.

> **B.      The Forum Selection Clause Also Includes Plaintiffs' Claims Because They Relate to Specific Provisions of the Shareholder Agreement Governing the Company's Ability to Incur Indebtedness.**

In addition to governing the relationships between the Company and its shareholders, the Shareholder Agreement contains other specific clauses to which Plaintiffs' claims relate. In particular, Section 4.3 governs the Company's ability to incur indebtedness, requiring the Company to obtain the unanimous written consent of its shareholders to incur debts, with limited and expressly identified exceptions. *See* Doc. No. 8-1, p. 11. As noted in the Motion, due to the

different ways the Company used the funds the shareholders contributed, the alleged loans fall within both Section 4.3 and its exceptions.  *See* Doc. No. 8, p. 6 ¶¶ 16–17.

Here, too, the only argument Plaintiffs raise as to why their claims do not relate to these provisions is an assertion that their claims "do not revolve around any alleged breach of Section 4.3."  Doc. No. 12, p. 4.  Were the forum selection clause limited to actions to enforce provisions of the Shareholder Agreement, this assertion might matter.  As it is, the forum selection clause explicitly disclaims any such limit.  *See* Doc. No. 8-1, p. 16, § 9.1.

The Shareholder Agreement expressly discusses the Company's ability to incur indebtedness and the purposes for which such debts might be incurred.  Plaintiffs' claims rise from agreements to incur indebtedness, both for the purposes expressly discussed in the Shareholder Agreement and otherwise. Plaintiffs' claims thus relate to the Shareholder Agreement and fall within the scope of the forum selection clause.  As a result, this action must be brought in Iowa.

### III. BIG CYHAWK HOLDINGS AGREES THAT THIS ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF IOWA.

Finally, Plaintiffs contend that, if the forum selection clause does include their claims, the Court should transfer this case to the United States District Court for the Northern District of Iowa pursuant to 28 U.S.C. § 1404(a).  Doc. No. 12, p. 5.  Big CyHawk Holdings agrees that this is an appropriate remedy.  *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, __ U.S. __, 134 S. Ct. 568, 575 (2013) (instructing that "a forum-selection clause may be enforced by a motion to transfer under § 1404(a)"); *Enriquez v. Seaton, LLC*, No. 13-1474-RDR, 2014 WL 791161, at *1 (D. Kan. Feb. 27, 2014) (citing *Atl. Marine Const. Co*, and treating a 12(b)(3) motion to dismiss as a § 1404(a) motion to transfer).

## IV. CONCLUSION.

WHEREFORE, Defendant Big CyHawk Holdings, Inc. respectfully requests that the Court grant the Motion, enforce the mandatory forum selection clause in the parties' Shareholder Agreement, and transfer this action to the United States District Court for the Northern District of Iowa.

Respectfully submitted this 8th day of February, 2016.

          */s/ Charles W. Steese*
          Charles W. Steese, #26924
          Douglas N. Marsh, #45964
          ARMSTRONG TEASDALE LLP
          4643 South Ulster Street Ste 800
          Denver, Colorado 80237
          Telephone:  720.200.0676
          Facsimile:  720.200.0679
          csteese@armstrongteasdale.com
          dmarsh@armstrongteasdale.com

          *Counsel for Defendant Big CyHawk Holdings, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on February 8, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Aaron David Goldhamer**
Jones & Keller, PC-Denver
1999 Broadway
Suite 3150
Denver, CO 80202
303-573-1600
303-573-8133 (fax)
agoldhamer@joneskeller.com

**Ross Whiting Pulkrabek**
Jones & Keller, PC-Denver
1999 Broadway
Suite 3150
Denver, CO 80202
303-573-1600
303-573-8133 (fax)
rpulkrabek@joneskeller.com

                *s/ Charles W. Steese*
                Charles W. Steese, #26924

                ARMSTRONG TEASDALE LLP
                4643 South Ulster Street Ste 800
                Denver, Colorado 80237
                Telephone:  720.200.0676
                Facsimile:  720.200.0679
                csteese@armstrongteasdale.com
                dmarsh@armstrongteasdale.com